**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Lonnie R. Puleo,**
**Claimant Below, Petitioner**

**v.)**    **No. 24-646**  (JCN: 2022016246)
                    (ICA No. 24-ICA-96)

**Coronado Group LLC,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Lonnie R. Puleo appeals the September 4, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Puleo v. Coronado Group, LLC*, No. 24-ICA-96, 2024 WL 4041510 (W. Va. Ct. App. Sept. 4, 2024) (memorandum decision). Respondent Coronado Group LLC filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the February 7, 2024, decision of the West Virginia Workers' Compensation Board of Review, which affirmed the claim administrator's August 30, 2024, order awarding the claimant 20% permanent partial disability for occupational pneumoconiosis ("OP"). Prior to the award, the claim administrator referred the claim to the OP Board, which found that (1) the claimant had 50% or total pulmonary impairment; (2) the x-rays did not show OP; (3) instead of showing OP, a November 2022 CT scan revealed moderate emphysema; (4) the claimant's history of smoking one pack of cigarettes per day for twenty years explained the emphysema; (5) the post-bronchodilator study showed breathing improvement, which indicated the presence of non-occupational pulmonary impairment; and (6) OP caused no more than 20% pulmonary impairment.

The claimant asserts that the OP Board was clearly wrong in attributing only 20% pulmonary impairment to OP when he has total pulmonary impairment and a significant thirty-year history of exposure to occupational dust. The claimant argues that he quit smoking at least one year before his examination with the OP Board. Therefore, the claimant argues that this Court should reverse the ICA and direct that he be awarded 50% permanent partial disability for OP. The employer counters by arguing that the claimant failed to submit any evidence to demonstrate that

---

[1] The claimant is represented by counsel Reginald D. Henry and Lori J. Withrow, and the employer is represented by counsel Alysia Kozlowski.

the OP Board was clearly wrong in finding only 20% pulmonary impairment attributable to OP.[2] The employer argues that the evidence of record establishes that the majority of the claimant's impairment is due to his emphysema and extensive history of smoking. Therefore, the employer argues that the Board of Review and the ICA properly affirmed the award of 20% permanent partial disability for OP.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: May 28, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[2] West Virginia Code § 23-4-6a provides that "the decision of the [OP] Board made following [the] hearing [shall be affirmed] unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record."

2